**E-FILED**
Wednesday, 01 March, 2006  09:51:22 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | | |
|---|---|---|
| **MARLON JOYNER, individually and on** | ) | |
| **behalf of all similarly situated persons;** | ) | |
| **COREY MANN, individually and on** | ) | |
| **behalf of all similarly situated persons;** | ) | |
| **FREDERICK MORRIS, individually and on** | ) | |
| **behalf of all similarly situated persons;** | ) | |
| | ) | **Case No. 03-2177** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **ARCHER DANIELS MIDLAND** | ) | |
| **COMPANY,** | ) | |
| **Defendant.** | ) | |

## O R D E R

Before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint (#78). Defendant has filed written opposition.  The original deadline for amendment of pleadings has long passed.  The Amended Discovery Order (#75) entered April 25, 2005, did not include a new deadline.  However, the Court is not handcuffed by its own discovery order. FED. R. CIV. P. 15(a) provides for amendment of pleadings by leave of court.  The direction in the rule is "leave shall be freely given when justice so requires."  Consequently, the Court has reviewed the proposed third amended complaint and carefully considered the arguments of the parties with an eye toward the requirements of justice.

The parties seem to have overlooked the fact that we operate in a notice pleading environment.  "The Rules of Civil Procedure make a complaint just the starting point.  Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving . . . ." *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998).  In an employment discrimination case based on race, "'I was turned down for a job because of my race' is all a complaint has to say." *Id*.

The present complaint has asserted a claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 and a claim of discrimination in violation of the Civil Rights Act of 1866.  The tendered third amended complaint raises precisely the same claims.  Plaintiffs seek to change the specific allegations.  However, in a notice pleading environment, Defendant is already on notice of the claims.  The precise details are a matter for discovery.  Justice does not require amending the complaint to add or clarify the specifics of the discrimination each of the Plaintiffs claims to have experienced.

Accordingly, Plaintiffs' Motion for Leave to File Third Amended Complaint **(#78)** is **DENIED**.

ENTER this 1st day of March, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
